IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANATA MONTGOMERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2057-S-BN |
| | § | |
| BIOLIFE – SHIRE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Janata Montgomery filed this *pro se* action referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The Court granted her leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 7, and issued a screening questionnaire to allow Montgomery to fully explain how the alleged actions of the defendant (or its employees) were illegal, *see* Dkt. No. 8. She filed a verified response to that questionnaire on September 18, 2018. *See* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the sole remaining federal-law claim providing jurisdiction over this action, and, to the extent that any state-law claims remain, the Court should decline to exercise supplemental jurisdiction over those claims.

**Applicable Background**

Montgomery has sued BioLife – Shire, alleging that, in July of this year,

employees of that defendant denied her her right to donate plasma because she smelled. *See* Dkt. No. 2 at 2-3; Dkt. No. 9 at 2 (further alleging that this denial violated the Americans with Disabilities Act: "My civil rights were discriminated against b/c in a commercial facility such as BioLife I was not abele to be/have a public accommodation due to the fact that she took the liberty of denying my right to donate plasma b/s she thought I smelled. Because I am disabled."); *see also* Dkt. No. 2 at 4 ("I am disabled the heat does affect my MS. And the fact that I was inconvenienced to have to come back again in the heat" violates the "ADA.").

Montgomery further alleges violations of the Genetic Information Nondiscrimination Act and the Individuals with Disabilities Education Act, *see* Dkt. No. 2 at 3-4, but she abandons those claims in her verified questionnaire responses, *see* Dkt. No. 9 at 1 & 3.

And Montgomery appears to identify or label several additional causes of action that are not actionable under federal law in her verified responses. *See id.* at 4.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of

Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [her] 'best case.' A plaintiff has pleaded [her] best case after [she] is apprised of the insufficiency of [her] complaint. [And a] plaintiff may

indicate [she] has not pleaded [her] best case by stating material facts that [she] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

## Analysis

I. <u>The ADA</u>

In sum, Montgomery alleges that the defendant's denying her the ability to donate plasma amounted to unlawful discrimination in violation of the ADA, which "Congress enacted ... in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). And, because Montgomery references this alleged violation as denying her a public accommodation, for purposes of screening, the undersigned will assume she is stating a claim under Title III of the ADA.

"Title III generally prohibits public accommodations from discriminating against individuals on the basis of disability." *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1229 (10th Cir. 2016) (citing 42 U.S.C. § 12182(a)). "For purposes of Title III, 'service establishment[s]' constitute public accommodations." *Id.* (quoting 42 U.S.C. § 12181(7)(F)). And Section 12181(7)(F)

> clarifies that, among other entities, the following "are considered public accommodations": "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment." [But these] enumerated examples aren't exhaustive, *see* 28 C.F.R. pt. 36, app. C, at 893; rather, they serve as mere illustrations. Moreover, courts must construe § 12181(7)(F) liberally to afford individuals with disabilities access to the same establishments available to those without disabilities."

*Id.* at 1230 (citations omited).

In *Levorsen*, the United States Court of Appeals for the Tenth Circuit ultimately concluded that plasma donation centers "are service establishments under § 12181(7)(F)" and thus "are public accommodations for purposes of Title III." *Id.* at 1234. And, for purposes of screening Montgomery's Title III claim under Section 1915(e)(2)(B), the undersigned will accept this conclusion.

> Thus, in order to establish a prima facie case of discrimination under Title III of the ADA a plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was discriminated against in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation; and (3) that the discrimination was on the basis of his disability.

*Louie v. Nat'l Football League*, 185 F. Supp. 2d 1306, 1308 (S.D. Fla. 2002) (citing 42 U.S.C. § 12182(a)); *accord Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342, 344 (5th Cir. 2007) (per curiam).

In an analogous context – Title VII discrimination – the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506,

510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The question for the Court now, then, is simply whether Montgomery has provided sufficient facts to allege that she suffered discrimination in violation of the ADA. *See Swierkiewicz,* 534 U.S. at 512-13. And, if she "has not pled such facts," it is "proper[ to] dismiss[] her complaint." *Meadows*, 731 F. App'x at 318.

Here, Montgomery's ADA claim should be dismissed as frivolous because that claim fails on the first element – Montgomery has alleged no facts to show that she is a qualified individual with a disability under the ADA.

"The ADA defines 'disability' as: '(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N-BN, 2016 WL 769977, at *7 (N.D. Tex. Jan. 22, 2016) (quoting 42 U.S.C. § 12102(1)), *rec. accepted*, 2016 WL 759570 (N.D. Tex. Feb. 26, 2016).

While Montgomery alleges that she has MS (or multiple sclerosis), she also clearly alleges that she was denied the opportunity to donate plasma, not because of

her MS, but because employees of the named defendant "thought [Montgomery] smelled." Dkt. No. 9 at 2. But having an unpleasant odor, which is all that Montgomery has alleged, does not itself qualify as an ADA disability. *See Marecheau v. Equal Emp't Practices Comm'n*, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *6 (S.D.N.Y. Sept. 30, 2014) ("Not every illness, condition or impairment constitutes a disability within the meaning of the ADA. 29 C.F.R. § 1630.2(j)(1)(ii).... Individual bodily functions vary greatly. Some people have less pleasant body odor than others. But common sense precludes viewing such variance as red flags for physical impairment."); *see also Ofori-Awuku v. Epic Sec.*, No. 00 CIV. 1548 AGS, 2001 WL 180054, at *3 n.3 (S.D.N.Y. Feb. 23, 2001) ("In order to constitute a disability under the ADA, [a] hygiene problem must involve a physical or mental impairment that substantially limits one or more of the major life activities of the individual. Plaintiff has failed to establish this to be the case, and, therefore, has not proven that he is a person with a disability within the meaning of the ADA, which is necessary to establish a prima facie case." (citation omitted)).

And, because Montgomery has pleaded her best case under the ADA by filing a verified response to the Court's screening questionnaire, the Court should dismiss this claim with prejudice. *See Wiggins*, 710 F. App'x at 627; *see also Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

II.     State Law Claims Remaining (if any)

As the remaining federal claim (under the ADA) that is the basis for the Court's subject matter jurisdiction should be dismissed as frivolous, to the extent that any state-law claims remain, *see* Dkt. No. 9 at 4, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims to allow Montgomery to pursue those claims in a state forum, if she so chooses.

**Recommendation**

The Court should dismiss Plaintiff Janata Montgomery's claim under Title III of the Americans with Disabilities Act with prejudice as frivolous, and, to the extent

that any state-law claims remain, the Court should decline to exercise supplemental jurisdiction over those claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE